Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Telephone: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
JAMES R. DIVEN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. DIVEN ) | Case No. **'18CV0507 L    WVG** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| vs. ) | |
| ) | |
| T-MOBILE US, INC.; and AMSHER ) | **[DEMAND FOR JURY TRIAL]** |
| COLLECTION SERVICES INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff JAMES R. DIVEN alleges as follows:

## INTRODUCTION

1. Plaintiff JAMES R. DIVEN (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant T-Mobile US, Inc. (hereinafter referred to as "T-Mobile") for violations of the California Identity Theft Act ("CITA"), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff also brings this lawsuit against Defendant Amsher Collection Services Inc. (hereinafter referred to as "Amsher") for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal FDCPA, the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

3. Plaintiff seeks actual damages, statutory damages, penalties, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

4. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. section 1681a(c), 15 U.S.C. section 1692a(3), and California Civil Code section 1785.3(b). Plaintiff is a "debtor" as the term is defined by California Civil Code section 1788.2(h) and a "victim of identity theft" as that term is defined by California Civil Code section 1798.92(d).

5. Plaintiff is informed and believes, and thereupon alleges, that T-Mobile is, and at all times mentioned herein was, conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Amsher is, and at all times mentioned herein was, conducting and engaging in business in the County of San Diego, California.

7. Plaintiff is informed and believes, and thereupon alleges that T-Mobile is a claimant as the term defined by Civil Code section 1798.92(a).

8. Plaintiff is informed and believes, and thereupon alleges that Defendants T-Mobile and Amsher are debt collectors as the term is defined by Civil Code section 1788.2(c).

9. Plaintiff is informed and believes, and thereupon alleges, that Amsher uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as term is defined by 15 U.S.C. section 1692a(6).

10. Defendants T-Mobile and Amsher attempted to collect a consumer debt as the term is defined by the FDCPA and Rosenthal FDCPA.

11. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the defendant's agents, servants, employees, or partners, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and the defendant is responsible for their acts and omissions alleged in this complaint.

## JURISDICTION

12. This Court has jurisdiction under 15 U.S.C. section 1681p, 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

13. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

15. On or about December 12, 2017, Plaintiff obtained a copy of his credit report, via his loan officer, because he was considering purchasing a home. After Plaintiff reviewed his credit report, he discovered that an account with Amsher Collection Services Inc. existed on his credit report. The account was regarding a T-Mobile account.

16. Plaintiff realized that he had never opened an account with T-Mobile and that he was a victim of identity theft.

17. Plaintiff, together with his loan officer, contacted Amsher on a conference call and spoke with an Amsher representative. During this telephone call, Amsher was informed that Plaintiff was a victim of identity theft. The Amsher representative did not believe Plaintiff was a victim of identity theft and informed Plaintiff that he needed to pay the debt owed to T-Mobile.

18. Plaintiff subsequently filed a police report and completed the FTC Identity Theft Victim's Complaint and Affidavit.

19. On January 31, 2018, after hiring an attorney to assist him with his identity theft claim, Plaintiff sent, via certified mail, a written notice to Experian, TransUnion, and Equifax informing them that Plaintiff was disputing the debt because he was a victim of identity theft and that the account with Defendants Amsher and T-Mobile was fraudulently obtained. A copy of the Identity Theft Victim's Complaint and Affidavit and police report was attached to each of the notices.

20. Upon information and belief, Equifax, Trans Union and/or Experian notified Amsher of Plaintiff's dispute and identity theft claim within the statutory required time under the FCRA.

21. On January 31, 2018, Plaintiff also sent, via certified mail, a written notice to T-Mobile, informing it that Plaintiff was disputing the debt because he was a victim of identity theft and that the account with Defendant T-Mobile was fraudulently obtained. Plaintiff requested that the account be deleted from his credit reports. Plaintiff's January 31, 2018 notice included a copy of the Identity Theft Victim's Complaint and Affidavit and police report. Plaintiff's January 31, 2018 notice was sent at least 30 days before filing of this action.

22. The tracking on the certified mail shows that T-Mobile received Plaintiff's January 31, 2018 written notice on or about February 8, 2018.

23. T-Mobile never responded to Plaintiff's January 31, 2018 written notice.

24. Amsher continues to report the T-Mobile account on Plaintiff's Equifax credit report.

25. According to Plaintiff's credit report with Factual Data, T-Mobile is also reporting the account to the credit bureaus.

## FIRST CAUSE OF ACTION
### (Violations of CITA against Defendant T-Mobile)

26. Plaintiff re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

27. Plaintiff is a victim of identity theft under California Civil Code section 1798.92(d).

28. Plaintiff sent written notice that he is a victim of identity theft, as required by Civil Code section 1798.93, to T-Mobile on January 31, 2018, via certified mail. This notice included a copy of the Identity Theft Victim's Complaint and Affidavit as well as a copy of the police report. T-Mobile received Plaintiff's written notice on or about February 8, 2018.

29. The written notice was provided to T-Mobile at least thirty days prior to filing this action.

30. After receiving Plaintiff's written notice which included a copy of the Identity Theft Victim's Complaint and Affidavit as well as a copy of the police report, T-Mobile failed to diligently investigate Plaintiff's identity theft claim.

31. Despite Plaintiff's January 30, 2018 written notice, informing T-Mobile that he was a victim of identity theft, T-Mobile continued to pursue its claim against the Plaintiff by (i) using Amsher, a third party debt collector to collect on the account, and (ii) by reporting the account to the credit bureaus. *See Kim v. BMW Financial Services NA LLC*, 702 Fed.Appx. 561, 563 (9th Cir. 2017) (holding that reporting an account to the credit bureaus is considered pursuing a claim under California Civil Code section 1798.93(c)(6)(C).)

32. Plaintiff brings this action for actual damages, and declaratory and

injunctive relief, pursuant to Civil Code section 1798.93, based on the fact that Plaintiff was the victim of identity theft.

33. Pursuant to Civil Code section 1798.93(c)(1), Plaintiff is entitled to a declaration that he is not obligated on any claim of T-Mobile for money or property.

34. Pursuant to Civil Code section 1798.93(c)(2), Plaintiff is entitled to a declaration that any security interest or other interest that T-Mobile may have is void and/or unenforceable.

35. Pursuant to Civil Code section 1798.93(c)(3), Plaintiff is entitled to an injunction restraining T-Mobile from collecting or attempting to collect from him on its alleged claims, from enforcing or attempting to enforce any security interest or other interest in connection with T-Mobile's claims, and from enforcing or executing on any judgment against Plaintiff on such claims.

36. Pursuant to Civil Code section 1798.93(c)(6), Plaintiff is entitled to a civil penalty of up to $30,000.00 against T-Mobile.

37. As a result, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

38. The forgoing act(s) by Defendants were willful and knowing violations of Civil Code section 1798.93.

39. Plaintiff has incurred reasonable and necessary costs and attorney fees in the preparation and prosecution of this action and seeks reimbursement of his attorney's fees and costs pursuant to California Civil Code section 1798.93(c)(5).

## SECOND CAUSE OF ACTION
**(Violation of Rosenthal FDCPA against Defendant T-Mobile)**

40. Plaintiff re-alleges paragraphs 1 through 39, above, as if fully set forth herein.

41. T-Mobile violated section 1788.18 by continuing to engage in collection

activities after Plaintiff provided it with documents pursuant to California Civil Code sections 1788.18(a) and 1788.18(b).

42. T-Mobile failed to make a determination in good faith that Plaintiff was a victim of identity theft and that he was not responsible for the incurred debt after Plaintiff provided T-Mobile with an Identity Theft Victim's Complaint and Affidavit and police report. T-Mobile failed to notify Plaintiff in writing of its determination that Plaintiff failed to establish that he was a victim of identity theft or that he was not responsible for the specific debt in question.  Instead, T-Mobile continued to attempt to collect on the account, knowing that Plaintiff was a victim of identity theft.

43. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from T-Mobile's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

44. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages pursuant to California Civil Code section 1788.17; statutory damages for a knowing or willful violation pursuant to California Civil Code section 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code section 1788.30(c).

### THIRD CAUSE OF ACTION
**(Violations of the CCRAA against Defendant T-Mobile)**

45. Plaintiff re-alleges paragraphs 1 through 44, above, as if fully set forth herein.

46. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

47. T-Mobile violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continue to furnish to a consumer credit reporting agency, that Plaintiff owes a debt to T-Mobile in the approximate amount of $1,138.00 when in fact Plaintiff does not, because he was a victim of identity theft. T-Mobile was informed in writing by Plaintiff and by the credit bureaus that Plaintiff was a victim of identity theft, and therefore knew or should have known that the information it provided to the consumer credit reporting agency was incomplete or inaccurate.

48. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from T-Mobile's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

49. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, attorney's fees, and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

### FOURTH CAUSE OF ACTION
**(Violation of the FDCPA against Defendant Amsher)**

50. Plaintiff re-alleges paragraphs 1 through 49, above, as if fully set forth herein.

51. Amsher violated the FDCPA by violating 15 U.S.C. sections 1692d, 1692e, and 1692f because it attempted to collect $1,138.00 from Plaintiff even though Plaintiff does not owe the amount because he is a victim of identity theft. Amsher knew or should have known that Plaintiff is a victim of identity theft because Plaintiff informed Amsher that he was a victim of identity theft over telephone and because Amsher received notice from at least one of the three credit bureaus that Plaintiff was

- 8 -
COMPLAINT FOR DAMAGES

a victim of identity theft. Despite this, Amsher continued its collection activities.

52. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff has suffered actual damages and harm resulting from Amsher's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

53. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

54. As a result of each and every violation of the FDCPA, as discussed herein, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages pursuant to 1692k(a)(2)(A) and reasonable attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## FIFTH CAUSE OF ACTION
### (Violation of the FCRA against Defendant Amsher)

55. Plaintiff re-alleges paragraphs 1 through 54, above, as if fully set forth herein.

56. Under 15 U.S.C. section 1681s-2(b) a furnisher of credit information, upon receiving notice from a credit reporting agency, must (1) conduct an investigation; (2) review all relevant information provided by the credit reporting agency; (3) report the results of the investigation to the credit reporting agency; and (4) if inaccurate information is discovered, report this result to all consumer reporting agencies to which the person furnished the information. *Nelson v. Chase Manhattan Mortg. Corp.* 282 F.3d 1057, 1059 (9th Cir. 2002).

57. A private right of action against furnishers of credit exists for duties imposed by 15 U.S.C. section 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1155 (9th Cir. 2009).

58. As indicated above, Plaintiff's counsel sent, via certified mail, a written notice on January 30, 2018 to all three credit reporting agencies, informing each of them that Plaintiff was disputing the T-Mobile account because he was an identity theft victim. Upon information and belief, at least one of the three credit reporting agencies gave notice of this dispute to Amsher pursuant to 15 U.S.C. 1681i(a)(2). Such notice triggered Amsher's duty to investigate the matter.

59. Amsher violated the FCRA by violating 15 U.S.C. section 1681s-2(b) because it failed to conduct an investigation after it received notice from at least one credit reporting agency.

60. Amsher failed to review all relevant information provided by the credit reporting agencies including Plaintiff's written dispute that he owed T-Mobile any money.

61. Amsher never reported the result of the investigation to the credit reporting agencies, instead it willfully continued to provide inaccurate information that Plaintiff owed $1,138.00 to T-Mobile, when in fact that was not true because he was a victim of identity theft.

62. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, denial of credit, damage to her credit and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

63. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

64. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## SIXTH CAUSE OF ACTION
### (Violations of the CCRAA against Defendant Amsher)

65. Plaintiff re-alleges paragraphs 1 through 64, above, as if fully set forth herein.

66. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

67. Amsher violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continue to furnish to a consumer credit reporting agency, that Plaintiff owes a debt to T-Mobile in the approximate amount of $1,138.00 when in fact Plaintiff does not, because he was a victim of identity theft. Amsher was informed by the credit bureaus that Plaintiff was a victim of identity theft, and therefore knew or should have known that the information it provided to the consumer credit reporting agency was incomplete or inaccurate.

68. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Amsher's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

69. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, attorney's fees, and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

## SEVENTH CAUSE OF ACTION
### (Violation of Rosenthal FDCPA against Defendant Amsher)

70. Plaintiff re-alleges paragraphs 1 through 69, above, as if fully set forth

herein.

**COUNT 1**

71. Amsher violated the Rosenthal FDCPA by violating Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692d, 1692e, and 1692f.

**COUNT 2**

72. Amsher violated section 1788.18(c) when it failed to inform Plaintiff, during the telephone conversation in December 2017 that his identity theft complaint must be in writing.

73. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Amsher's actions or inactions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

74. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages pursuant to California Civil Code section 1788.17; statutory damages for a knowing or willful violation pursuant to California Civil Code section 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code section 1788.30(c).

**PRAYER FOR DAMAGES AND OTHER REMEDIES**

1. For actual damages;
2. For statutory damages;
3. For attorneys' fees;
4. For injunctive relief;
5. For declaratory relief;
6. For costs of suit herein incurred;
7. For interest according to law; and

8. For other and further relief as the court may deem proper.

DATED: March 8, 2018

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
  Alex Asil Mashiri
  Attorney for Plaintiff
  JAMES R. DIVEN

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

- 13 -
COMPLAINT FOR DAMAGES